· [Civ. No. 2223.  First Appellate District.—May 3, 1918.]

WILLIAM VAN HAGEN, Respondent, v. FIRST STATE BANK OF CLOVIS (a Corporation), Appellant.

PROMISSORY NOTE — PLEDGE — WRONGFUL RETENTION — ACTION FOR VALUE—EVIDENCE.—In an action to recover the reasonable value of a collateral note wrongfully retained, the plaintiff cannot recover where the evidence shows an agreement that the defendant was to hold the note until plaintiff's principal note was paid, and that the payment had not been made.

APPEAL from a judgment of the Superior Court of Fresno County.  George E. Church, Judge.

The facts are stated in the opinion of the court.

Ernest Klette, M. B. Harris, and E. M. Harris, for Appellant.

Kitt Gould, and C. K. Bonestell, for Respondent.

KERRIGAN, J.—This is an action to recover the sum of $1,080, alleged to be the reasonable value of a certain promis-

sory note owned by plaintiff and wrongfully retained by defendant.

The case was tried before a jury. At the conclusion of the testimony there was an instructed verdict for plaintiff for the sum claimed. Defendant moved for a new trial, and in support of the motion specified, among other things, the insufficiency of the evidence to justify the verdict, and assigned as error certain rulings of the court. This motion was denied, and defendant appeals from the order and from the verdict and judgment.

From the evidence it appears that a Mrs. Amer and one Cadwallader were indebted on a joint note executed by them to the State Bank of Clovis in an amount approximating one thousand one hundred dollars. Mrs. Amer was desirous of taking this note up, and induced Van Hagen, the plaintiff herein, to assist her in so doing. In October, 1914, they went together to the defendant bank, and there met a Mr. Norrish, its president and manager, to whom they stated their business. It cannot be clearly ascertained from the testimony of Mrs. Amer and the plaintiff Van Hagen what arrangement was made between the parties, but it does appear from the testimony of Norrish that he received and accepted a certificate of deposit for the sum of five hundred dollars from Van Hagen, which sum was credited on the Amer and Cadwallader note. It further appears that Van Hagen at this time executed his promissory note in favor of the bank for the sum of six hundred dollars. This note was unsecured, and Norrish insisted that some collateral be furnished to insure its payment. Van Hagen at that time was the owner of a note for one thousand dollars, referred to in the evidence as the Kepley note, and which note is the subject of this action, and he indorsed this note over to the defendant bank as security for the payment of his unsecured note to the bank for six hundred dollars. Norrish took the Kepley note, retained the Amer and Cadwallader note and also the note of Van Hagen, and informed the parties that the Amer and Cadwallader note would be delivered up when the Van Hagen note was paid. The matter remained in this unsettled condition for over two years until the filing of this action on November 17, 1916.

Upon this evidence the trial court directed a verdict for the plaintiff upon the ground that when plaintiff made the five hundred dollar payment and executed his note for six hun-

dred dollars, secured by the Kepley note, the bank had agreed to deliver up the Amer and Cadwallader note, and not having done so, that the consideration for the Van Hagen note of six hundred dollars had failed, and no recovery could be had thereon, and this being so, plaintiff was entitled to a return of the Kepley note given to secure its payment.

The evidence does not support this conclusion. The undisputed testimony of Norrish (and it is the only testimony on the subject) is that he was to retain all of the notes until such time as plaintiff's note was paid. Defendant undertook to make some explanation of the transaction and to show that Van Hagen had received consideration for the payment by him of the five hundred dollars and the execution by him to the bank of his note, and that he had relinquished his interest in the Kepley note. This evidence was rejected by the trial court. Defendant clearly had the right to prove this fact.

Defendant further offered in evidence the record in an action entitled ''Van Hagen v. Amer,'' from which record it appears that plaintiff had secured a judgment foreclosing a mortgage executed by Mrs. Amer to secure a note given to Van Hagen in settlement with him; and in making the offer attorney for defendant attempted to state that his purpose in making it was to show that Van Hagen had received full and complete satisfaction of his claim. This statement was rejected, but the judgment-roll was admitted. A reading of the testimony discloses the fact that all the circumstances surrounding the transaction in this case are not in evidence. No recovery is sought for the five hundred dollars paid by plaintiff. There is also evidence to show that when demand was made upon Norrish for the Kepley note he stated that he was holding it for the benefit of Cadwallader until such time as the Van Hagen note was paid. The evidence as a whole is very unsatisfactory and not convincing, but there is nothing contained therein to contradict the statement of Norrish that the agreement between the parties was that he was to hold all of the notes until plaintiff's note was paid. The note not having been paid, plaintiff was not entitled to recover the Kepley note nor its value.

No question is raised as to the sufficiency of the pleadings herein.

Assuming that plaintiff's complaint is an appropriate one, it simply declares upon a common count for goods sold and delivered by plaintiff to defendant in the sum of $1,080, which it is alleged is the reasonable value of the property, namely, the note, describing it. The value of the note is denied by defendant. The evidence is silent as to whether or not the note had any value. Aside from this, the undisputed evidence shows that the bank was to retain the note in question until the Van Hagen note was paid. This being so, there is no evidence to support the judgment.

For the reasons given the judgment is reversed.

Beasly, J., *pro tem.*, and Zook, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 1, 1918.